IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHARLES FELLOWS,                                               CV 06-1264-MA

        Petitioner,                                  OPINION AND ORDER

  v.

CHARLES DANIELS,

        Respondent.

    CHARLES FELLOWS
    Fed. Reg. No. 29806-086
    F.C.I. Sheridan
    P.O. Box 5000
    Sheridan, Oregon  97278

        Petitioner, *Pro Se*

    KARIN J. IMMERGUT
    United States Attorney
    SCOTT ERIK ASPHAUG
    Assistant United States Attorney
    1000 SW Third Avenue, Suite 600
    Portland, OR  97204-2902

        Attorneys for Respondent

MARSH, Judge:

1 - OPINION AND ORDER

Petitioner, an inmate at FCI Sheridan, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2241. Petitioner requests that this court order a Radioimmunoassay Hair (RIH) test of his hair to test for the presence of Methadone.

For the reasons set forth below, petitioner's habeas corpus petition (#1) is denied.

## BACKGROUND

Petitioner was convicted of Distribution of Cocaine Base and Money Laundering, in the United States Court for the Wester District of Washington. As a result of these convictions he is serving a 96-month sentence, with five years supervised release. His current projected release date is April 9, 2007.

On December 7, 2005, petitioner was pre-released to Pioneer Fellowship House. On February 2, 2006, a urinalysis of a specimen collected on January 20, 2006, tested positive for the presence of Methadone. The urinalysis was conducted by Scientific Testing Laboratories (STL). Doc. #15 at 4 (Declaration of Michael Raitt).

On February 3, 2006, petitioner received a copy of the incident report, stating that he had violated the conditions of his pre-release by using drugs. On February 6, 2006, petitioner appeared before a Center Disciplinary Committee, which transferred his case to Disciplinary Hearing Officer (DHO)

2 - OPINION AND ORDER

Michael Raitt (DHO Raitt).  Id.  On February 13, 2006, DHO Raitt concluded that petitioner used Methadone, and sanctioned him to forfeiture of 40 days Good Conduct Time, and Transfer to FCI Sheridan.  Id. at 4-5.  Petitioner was transferred to FCI Sheridan on February 23, 2006.

## DISCUSSION

Petitioner seeks an order from this court for a Radioimmunoassay Hair (RIH) test of his hair, because he believes the urine specimen found to contain Methadone was not subjected to "a confirmatory test...to double check for human error."  Doc. 1 at 2.  Respondent denies petitioner's allegation that the urinalysis was not subjected to a confirmatory test, and asks this court to deny the petition.

Habeas relief under 28 U.S.C. § 2241 is only available where a petitioner is able to establish that he is being held in custody, "in violation of the Constitution or laws or treaties of the United States."  Id. at 2241(c)(3).  In the case at bar, petitioner contends his due process rights under the Fifth Amendment to the United States Constitution were violated when he was "deprived of his community custody and his job by a non-confirmed test."  Doc. # 1. at 5.  Respondent avers that petitioner had been afforded all the process due a prisoner in a prison disciplinary hearing.

3 - OPINION AND ORDER

A prison inmate must be afforded procedural protections before he can be deprived of a protected liberty interest in good-time credits.  Wolff v. McDonnell, 418 U.S. 539, 557-58 (1974).  However, because "[p]rison disciplinary proceeding are not part of a criminal prosecution...the full panoply of rights due a defendant in such proceedings does not apply."  Id. at 556; Cf. Morrissey v. Brewer, 408 U.S. 471 (1972).  A prisoner is entitled to the following procedural protections in a prison disciplinary proceeding: (1) written notice of the charged misconduct at least 24 hours before the hearing; (2) an impartial hearing body; (3) an opportunity to present witnesses and documentary evidence; and (4) a written statement by the fact-finders of the evidence relied upon and the reasons for the sanction.  Wolff, 418 U.S. at 563-77.  Prisoners are not entitled to cross-examine or confront the witnesses against them, nor are they entitled to the assistance of counsel in these proceedings. Id. 568-69.  However, assistance of a non-lawyer prison staff member is permitted if the inmate is illiterate or the disciplinary issue is complex.  Id. at 570.

Findings that result in the loss of liberty satisfy due process if "some evidence" supports the decision of the disciplinary board.  Superintendent v. Hill, 472 U.S. 445, 454-55 (1985); Bostic v. Carlson, 884 F.2d 1267, 1269-70 (9th Cir.

4 - OPINION AND ORDER

1989). This standard "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Hill, 472 U.S. at 455. Rather, the relevant inquiry is "whether there was any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-56.

In the instant proceeding, petitioner does not dispute that he received all the process he was entitled to under Wolff. 418 U.S. at 563-77. However, his contention that he is entitled to an RIH test implies that he believes he has a right to discovery. The case law does not support such a finding. In Morrissey, the Supreme Court listed "letters, documents, or individuals who can give relevant information" as examples of the types of evidence a petitioner may present at a disciplinary hearing. 406 U.S. at 487. It does not state that a prisoner is entitled to compel discovery of such evidence, however. In any event, I am not persuaded by petitioner's argument that a "confirmation test...is more consistent with the demands of the Fifth Amendment...".

Furthermore, I note that, according to respondent, the testing laboratory performed a confirmation test:

> A portion of the original sample was subjected to presumptive screening, including an Immunoassay test. That test revealed the presumptive presence of methadone, in the test sample. Another portion of the original urine sample was then subjected to a confirmatory test using the Gas Chromatography/ Mass Spectometry (GC/MS) testing procedure.

5 - OPINION AND ORDER

>     The GC/MS testing procedure is a highly accurate method to
>     determine whether a specific urine sample contains illegal
>     substances.  The GC/MS test revealed the presence of not
>     only methadone in the test sample, but also EDDP, a
>     metabolized form of methadone.

Doc. # 13 at 7 (Answer to Petitioner's Writ of Habeas Corpus); see also Doc. #14 (Declaration of Lisa Moak, Laboratory Director of STL).

Since an examination of the entire record is not required under Hill, this information satisfies me that the disciplinary actions taken against petitioner were based on "some evidence." 472 U.S. at 455.  Thus, petitioner has not carried his burden of proving he is entitled to habeas corpus relief under 28 U.S.C. § 2241.  Accordingly, this petition is denied.

## **CONCLUSION**

Based on the foregoing, petitioner's habeas corpus petition (#1) is denied.

IT IS SO ORDERED.

DATED this _15 day of March, 2007.


                                  /s/  Malcolm F. Marsh
                                 Malcolm F. Marsh
                                 United States District Judge

6 - OPINION AND ORDER